IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10267
Conference Calendar
_____


GILBERTO C. TALAMANTEZ,

                                        Plaintiff-Appellant,

versus

LEE LEWIS CONSTRUCTION COMPANY Et Al.,

                                        Defendants,

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:96-CV-222-C
- - - - - - - - - -
October 22, 1997
Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gilberto Talamantez has moved for leave to appeal in forma pauperis (IFP) from the district court's judgment in favor of appellee St. Paul Fire and Marine Ins. Co., one of the two defendants named in his lawsuit.  Talamantez has not raised the issue whether appellate jurisdiction exists, and the appellee has not yet filed its brief.  Having raised the issue on our own

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion, this court has concluded that the appeal must be dismissed for lack of jurisdiction.

The district court rendered judgment on behalf of the appellee and set for trial Talamantez's claims against the other defendant. "[A] decision failing to adjudicate the rights and liabilities of all parties, while not technically final, can be certified as final pursuant to Federal Rule of Civil Procedure 54(b)." Witherspoon v. White, 111 F.3d 399, 402 (5th Cir. 1997). However, "[u]ntil the district court makes an express determination that no just reason for delay exists and expressly directs entry of judgment," in compliance with Rule 54(b), such a judgment is not appealable. Id.

Because "there is no indication in the record that the district court certified its final judgment order pursuant to Rule 54(b) or that any of the parties ever sought such a ruling," this appeal must be dismissed for lack of appellate jurisdiction. Id. at 403.

IT IS FURTHER ORDERED that Talamantez's motions for leave to appeal IFP, the court to take judicial notice, and correction of the record are DENIED.

MOTIONS DENIED; APPEAL DISMISSED.